5534.

(Court of Appeal, Parish of Orleans).

# MISS CAROLINE COTONIO vs. F. RIVERS RICHARDSON.

1. Whatever may be the views of the Supreme Court of the United States and of Courts in other jurisdictions, the Supreme Court of Louisiana has uniformly followed the language of the Civil Code and insisted that, in order to constitute *res judicata,* the thing demanded and the objects of the judgment must be the same.
2. Appellees did not waive their right to urge certain exceptions by failing to answer a previous appeal from a judgment dismissing the suit for abandonment by the plaintiff under Act 107 of 1898. The only question arising under that appeal was that of abandonment *vel non* and no issue could have been tendered as to the merits of a controversy which had not yet been tried.
3. The doing of a lawful act cannot form the basis of an unlawful conspiracy.

Appeal from the Civil District Court, Division "D."

Theo. Cotonio, for plaintiff and appellant.

Chaffe, Bowers, Richardson, Foster, Caffery, for defendants and appellees.

DUFOUR, J.—This is a suit for damages brought against F. Rivers Richardson, W. Morgan Gurley, Mrs. Henry Parker and her husband for an alleged conspiracy to defraud petitioner.

It is averred that an agreement existed between the Parkers and Mrs. Cotonio by which the former was to ratify a tax title held by the latter to certain real estate, that, with full knowledge of said agreement, Richardson

— 242 —

prepared an act of sale and caused it to be signed before Gurley, notary public, by which the Parkers sold the property to the Globe Realty Co., an alleged corporation, without legal existence which was in reality F. Rivers Richardson.

To this claim there was pleaded as **res judicata** the judgment in the case of the Globe Realty Co. vs. Mrs. Cotonio and from a decision sustaining the plea the present appeal has been taken.

As stated by the Supreme Court in **Scovall vs. Levy's Heirs, 118 La., 982, 992:**

"Whatever may be the views of the Supreme Court of the United States and of other Courts, this Court has uniformly followed the language of the Code and insists that, in order to constitute **res judicata** the thing demanded and the object of the judgment must be the same."

The first suit was a petitory action by the Globe Realty Company against Mrs. Cotonio, coupled with a demand for the cancellation of her tax title and compelling her to receive a tender of redemption of the property.

The final result of the various appeals to this Court was a declaration that the Globe Realty Company was a valid corporation and entitled to purchase the property in the absence of any registry on the public records of Mrs. Cotonio's adverse claim.

The demand in the present suit has no reference to the ownership of the property; in fact, it is based upon the theory that the plaintiff has been fraudulently deprived of that ownership which should have been hers.

For such deprivation, she claims damages, actual and punitory.

It is clear that the thing demanded and the object of the judgment herein are not the same as in the first suit

which is made the basis of the plea.

The exception of **res judicata** should have been overruled.

Appellees have answered the appeal and asked that the exception originally filed by them and overruled by the lower Court be maintained in this Court.

To this, appellant objects that appellees must be deemed to have waived their rights under the exceptions by failing to answer the first appeal.

As will be seen by reference to **4 Court of Appeal 280,** the first appeal was from a judgment maintaining a so called plea of prescription under Act 107 of 1898 and dismissing plaintiff's suit.

The plea was erroneously treated by the Judge as a plea of prescription, there was no question of prescription involved and no such plea was necessary, the amendment of the Code by the act cited defines abandonment, discontinuance or voluntary non-suit by saying that, when a plaintiff allows five years to elapse without taking any steps in the prosecution of a suit, he shall be considered as having abandoned it.

No further proceedings can be had with reference to a suit which the law declares to have been discontinued or abandoned than to strike it from the docket, which may be done at the instance of any party in interest.

**Lockhart vs. Lockhart, 113 La. 874.**

The only question presented or that could properly have been presented by that appeal was, whether there had been an abandonment of the suit, and there could be no issue as to the merits of a controversy which had not been tried.

This Court held that the plaintiff had not abandoned the suit and remanded the cause with instructions to have it placed on the call docket and fixed for trial according to law.

There has been no waiver by appellee and we shall therefore consider the exceptions presented by their answer to the present appeal.

One of these only appears to be serious, that of no cause of action.

Knowledge is not equivalent to registry and, the agreement of ratification not being of record any one might lawfully assist in the purchase by and the sale of the property to a third person.

Richardson might prepare and Gurley might pass an act of sale without violating any law or incurring any responsibility. The doing of a lawful act cannot form the basis of an unlawful conspiracy.

So far as Mr. and Mrs. Parker are concerned, if they violated an anterior agreement to sell to Mrs. Cotonio, they are responsible to her for such damages as she may have suffered.

They are sued **in solido**, but, as there is no allegation of paraphernality of property, the presumption of community eliminates Mrs. Parker from the suit.

The exception of no cause of action must be sustained as to all the defendants except Henry Parker.

Judgment reversed and plea of **res judicata** overruled and, proceeding to render such judgment as should originally have been rendered, it is ordered that the exception of no cause of action be maintained and the suit dismissd as to F. Rivers Richardson, W. Morgan Gurley and Elizabeth Bailey, wife of Henry Parker, with all costs incurred by them, and that as to Henry Parker the exception be overruled and the cause be remanded for trial on the merits according to law, said Henry Parker to pay costs of appeal and those of the lower Court, so far as he and the plaintiffs are concerned, to await the

final determination of the cause.

April 17th, 1912.

Rehearing refused May 13, 1912.

June 20, 1912, Decree Supreme Court, writ denied.